**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

JOSEPH SULLIVAN,

    Plaintiff,

vs.

REGUS MANAGEMENT GROUP, LLC, a Delaware limited liability company

    Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff complains as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Joseph Sullivan is a resident of Broomfield, Colorado.

2. Defendant Regus Management Group, LLC (Regus), is a Delaware limited liability company.

3. This Court has jurisdiction under the First and Second Claims for Relief under 28 U.S.C. §1331, and 29 U.S.C. §2617(a)(2) of the Family and Medical Leave Act.

4. This Court has supplemental jurisdiction over Plaintiff's Third Claim for Relief, which arises under Colorado law, under 28 U.S.C. §1367(a), as the claims arise out of his former employment relationship with Defendants.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the employment practices alleged to be unlawful were committed within the District of Colorado.

## FACTS

6. Mr. Sullivan started working for Regus in May 2015.

7. Regus is a subsidiary of IWG, which provides office space worldwide under brands like Regus, Spaces, HQ, No. 18, and Basepoint. The products include serviced offices, Workplace Recovery, Virtual Office (mailbox/ phone answering), Memberships, Meeting Rooms, and IT.

8. Mr. Sullivan served as a managing director of two divisions: Workplace Recovery (May 2015 - January 2018) and Global Products and Services (January 2018 - April 2020). He then became the managing director of HomeToWork.com, a new IWG and Regus initiative, in which capacity he was employed from May 2020 until his termination in July 2021.

9. Mr. Sullivan was a valuable employee for Regus. He worked hard and his performance reflected that hard work. He was rewarded with significant bonuses, and he received excellent performance reviews. Based on his strong performance, his responsibilities grew and so did the teams under his supervision. His hard work for Regus drove financial growth in both divisions.

10. In April 2021, Mr. Sullivan had a heart attack. He was hospitalized and need time off work to recover. He requested and Regus approved medical leave under the Family Medical Leave Act. He also applied for and received short-term disability benefits through CIGNA.

11. He told Regus that he would require intermittent medical leave to attend his ongoing cardiovascular rehabilitation appointments when he returned to work on July 12, 2021.

12. When Mr. Sullivan returned to work, Regus immediately terminated him. His manager, Mark Collins, told him that his position was eliminated and his role was reallocated to less experienced employees.

13. Mr. Collins made the termination decision based on Mr. Sullivan's protected medical leave. Mr. Collins made the decision to terminate Mr. Sullivan two months earlier, when Mr. Sullivan was on protected medical leave. Mr. Collins only supervised him for a month before he went on leave. Mr. Collins did not discuss the decision to terminate Mr. Sullivan with his supervisors, unilaterally making the decision. Those supervisors previously supervised Mr. Sullivan.

14. Mr. Collins made the decision to terminate Mr. Sullivan based on stereotypes about employees who are on medical leave. He concluded the team would be better off without an employee who might require additional medical leave and future absences.

15. Regus did not actually eliminate Mr. Sullivan's role. A single employee who started in the role while Mr. Sullivan was on leave has assumed all of his job responsibilities,

16. A position elimination did not make sense. In July 2021, business was booming. Regus was growing and hiring more employees.

17. At the time of his termination, Regus and IWG had multiple openings for senior level positions as Mr. Sullivan's, including Global Program Management and Global Head of Procurement. Regus incorrectly told him that it did not have any comparable open positions.

18. Further, a single employee assumed Mr. Sullivan's responsibilities and supervision of the same direct reports.

## FIRST CLAIM FOR RELIEF
(Interference with FMLA Rights)

19. Mr. Sullivan was entitled to FMLA leave for his own serious health condition, a heart attack, because the condition resulted in incapacity of more than three days and required continuing treatment by a health care provider.

20. Mr. Sullivan used FMLA leave after his heart attack.

21. Mr. Sullivan was entitled to restoration after FMLA leave.

22. Regus made the decision to terminate Mr. Sullivan prior to July 12, 2021.

23. Regus interfered with Mr. Sullivan's right under the FMLA to medical leave and to be restored to his position by terminating his employment while he was on FMLA leave.

24. As a direct and proximate result of Regus's interference with Mr. Sullivan's rights under the FMLA, he has suffered damages consisting of past and future lost wages and benefits, lost future earning capacity, diminished reputation, and other pecuniary losses.

## SECOND CLAIM FOR RELIEF
(Retaliation for exercise of FMLA rights)

25. Mr. Sullivan exercised his right under the FMLA to request and take medical leave.

26. Because of Mr. Sullivan's request for and use of FMLA leave, Regus terminated Mr. Sullivan. He was terminated immediately after he returned to work from exercising his FMLA rights.

27. As a direct and proximate result of Defendant's retaliation, Mr. Sullivan has suffered damages consisting of past and future lost wages and benefits, lost future earning capacity, diminished reputation, and other pecuniary losses.

### THIRD CLAIM FOR RELIEF
(Unpaid HWFA benefits)

28. Under Colorado law, Mr. Sullivan was entitled to paid sick leave under the Healthy Families and Workplaces Act (HFWA), C.R.S. § 8-13.3-403.

29. Mr. Sullivan did not receive any paid sick leave under the HFWA.

30. Regus's sick leave policy did not comply with the minimum requirements of the HFWA.

### JURY DEMAND

Plaintiff demands a jury on all claims so triable.

### DEMAND FOR JUDGMENT

Plaintiff therefore demands judgment in his favor and against Defendant for the following:

A. Past and future wage losses, lost earning capacity, and benefits and other pecuniary losses under the FMLA;

B. Liquidated damages under the FMLA an amount equal to actual damages;

C. Unpaid sick leave under the HFWA;

D. Prejudgment and postjudgment interest;

E. Reasonable attorneys' fees;

F. Costs; and

G. Such other relief as the Court deems proper.

Dated: July 11, 2023

*s/ David Lichtenstein*
David Lichtenstein
Livelihood Law, LLC
12015 E. 46th Avenue, Suite 240
Denver, CO 80237
Telephone: (303) 465-6972
Facsimile: (303) 465-6927
drl@livelihoodlaw.com
Attorney for Plaintiff

6